ALBANY,
Jan. 1837.

Barker
v.
Millard.

BARKER *vs.* MILLARD.

Previous to the revised statutes, the time that the holder of a note was stayed by an injunction from chancery from prosecuting the same, could not be replied in bar of a plea of the statute of limitations; those statutes now provide that the time during which such injunction is in force, shall not be deemed any portion of the time limited for the commencement of a suit.

The remedy of a party stayed, previous to the revision, was by application to chancery to restrain the defendant from pleading the statute.

STATUTE of limitations. The plaintiff, as *endorsee*, declared against the defendant as *endorser* of a promissory note bearing date 6th October, 1825, payable in sixty days. The suit was commenced in July term, 1833. The defendant pleaded *actio non accrevit infra sex annos*. The plaintiff *replied* that the commencement of a suit for the collection of the note was stayed by an *injunction* from chancery, from the 27th March, 1827, to the 18th October, 1830. To which replication the defendant demurred, and on the argument of the demurrer, the counsel for the plaintiff insisted that the period of time during which a suit upon the note was stayed by the injunction, should be deducted from the running of the statute. The counsel for the defendant contended that such deduction ought not to be made; that the plaintiff ought to have obtained leave from chancery to prosecute the suit for the benefit of whomsoever it might concern, or an order of that court forbidding the pleading of the statute of limitations.

*S. Beardsley*, (attorney general,) for the defendant.

*M. T. Reynolds*, for the plaintiff.

*By the Court*, BRONSON, J. The statute commenced running in December, 1825, when the note fell due; and the question presented by the replication depends on the former statute of limitations, 1 R. L. 186, § 5. This section corresponds with the statute, 21 Jac. 1, c. § 3, 4, and cer-

tain cases have been held within the equity, though not within the letter of the first and second *provisoes* of the section. Where the action is brought within six years, and the plaintiff dies before judgment, his executor or administrator may have a new action within the equity of the first *proviso*. So, if an action brought by a feme sole abate by her marriage, she and her husband may have a new action within the equity of the statute. 2 Saund. 63, f. g., note 6. *Huntington* v. *Brinckerhoff*, 10 Wendell, 278. But no case was cited, nor have I met with any, where it was held that an injunction out of chancery would suspend the running of the statute. Indeed the contrary doctrine is strongly implied in many cases. The party to a suit in chancery has often applied to that court to restrain the defendant from setting up the statute in an action at law. If the pendency of the injunction would be a good answer to a plea of the statute of limitations, such an application would not have been necessary. Anon. 1 Vern. 74. Anon. 2 Atk. 1. *Gilbert* v. *Emerson*, 2 Vern. 503. Bac. Ab., Limitation of Actions, E. 6. Blanshard on Limitation, 164. Vin. Ab., Limitation, T. It is clear that the case is not within the letter of either of the *provisoes*, and the equity of the statute has never been extended far enough to aid the plaintiff.* The case is now provided for by law. 2 R. S. 299, § 36. But this section only applies to cases where the right of action has accrued since the first day of January, 1830. 2 R. S. 300, § 45.

ALBANY,<br>Jan. 1837.<br>Barker<br>v.<br>Millard.

Judgment for defendant.

---

* The first *proviso* of the statute authorizes a suit *within one year* after the *reversal* or *arrest* of a judgment, or reversal of an *outlawry*. The second saves the rights of *infants*, *femes covert*, and persons *insane* or *imprisoned*, giving leave to bring actions within the time limited by the statute after the removal of disability, and also authorizes a suit against a person absent from the state at the time of the accruing of the action, within the time limited, after his *return* to the state.