## WILLIAM DAVIS v. H. B. ANDREWS ET AL.

### No. 265.

1. **Injunction—Limitation.**

An injunction restraining a trustee from selling land, upon the ground that it was homestead, does not prohibit a suit upon the debt secured by such trust deed. Consequently, upon appearance in the injunction suit by the beneficiaries of the trust, and upon their answer asking judgment for such debt with foreclosure, the plaintiff could plead limitation, and the time from the issuance of the injunction until its dissolution would not be excluded in computing the time ........................................ 529

2. **Case Limited.**

Williams v. Pouns, 48 Texas, 141, discussed and limited................... 530

ON REHEARING.

3. **Account—Commencement of Suit.**

Suit by injunction to restrain a trustee from making sale, on grounds that the land about to be sold was homestead, and that if the land was subject to the sale, plaintiff had made numerous payments upon the debt—asking an accounting of such payments, etc. Six years after the issuance of the injunction the beneficiaries appeared and answered, asking judgment against the plaintiff on the debt, and foreclosure. *Held,* that no suit or action was begun upon the notes (the debts) before the answer was filed; and that limitation ran until such answer (asking judgment for the debt), notwithstanding the prayer for an accounting in the original petition for the injunction ........................................533, 534

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The opinion gives a sufficient statement.

*Ogden & Harwood* and *John Ireland*, for plaintiff in error.—1. The Court of Civil Appeals erred in holding, that the judgment rendered in the trial court against Davis for the amount of the promissory notes, less the credits, was an exercise of the equitable power of the court; and that when the executors of Pierce asked a judgment at law on the said notes, they were appealing to the equitable powers of the court.

2.  The court erred in holding that the injunction issued to restrain the trustee, Andrews, from making sale had the effect of suspending the statute of limitations, for the reason that the injunction did not restrain the executors of Pierce from proceeding by suit to obtain judgment upon the notes.  Goldfrank v. Young, 64 Texas, 432; Fievel v. Zuber, 67 Texas, 275; Busw. on Lim., par. 131, and cases cited; High on Injunc., 2 ed., pars. 87, 88; Williams v. Pouns, 48 Texas, 146.

*Upson & Bergstrom,* for defendants in error.—1.  The granting of an injunction to restrain a sale of real property under a deed of trust securing the payment of promissory notes, has the effect of suspending the statutes of limitations upon the notes themselves.

Appellant brought this suit in the court below to enjoin H. B. Andrews, as trustee, from advertising and selling certain property under a deed of trust securing notes payable to Thomas W. Pierce, upon which notes the judgment herein was rendered, on the ground:

(1)  That at the time of the execution and delivery of said notes and deed of trust said appellant was the head of a family, and that the property upon which the said deed of trust was given was the homestead of appellant, and that therefore the deed of trust was void and of no force or effect.

(2)  That the notes given to secure which said deed of trust was executed had been fully paid and discharged, and that appellant owed nothing on said notes, and that there were certain credits on said notes, which he could not then give, and prayed as follows:  "Wherefore your petitioners, William D. Davis, Edward Davis, James R. Davis, and William Davis, pray that the said defendant, Henry B. Andrews, and any and all others who may be endeavoring to force a sale of petitioner's homestead by virtue of the alleged deed of trust referred to in Exhibit 'A,' hereto attached, may be restrained by this honorable court from further proceeding in the premises.  That the said deed of trust be declared null and of no further force and effect, and that your petitioners may be quieted in the possession of their homestead, and may have such other and further relief as may to your honor seem just. And your petitioner, William Davis, further prays, that the said Henry B. Andrews may be required to show who are the true and legal owners of said notes, who are proper legal representatives of the said Thomas W. Pierce, deceased, and who are the beneficiaries for whom he purported to be acting, and that such parties at interest may, when so discovered, be required to render a full, true, and correct account of all moneys received by the said Thomas W. Pierce from the said William Davis in payment of said notes, and that the said William Davis may, upon the hearing hereof, have credit upon said notes for the amounts paid thereon by him."  Williams v. Pouns, 48 Texas, 141; High on Injunc., 2 ed., par. 1133.

2.  Where parties seek to enjoin a foreclosure upon the ground that the notes to secure which the deed of trust was executed are paid in

whole or in part, and seek an accounting, an injunction properly lies to restrain the sale until an accounting can be had, and such a proceeding puts in issue the notes themselves, and until final judgment therein on such an accounting the running of the statutes of limitation is suspended. High on Injunc., 2 ed., pars. 445, 448, 461.

3. The suit, as appears from the allegations in appellant's petition, was an equity suit not only for an injunction to restrain the sale of the property claimed to be a homestead under the deed of trust in question, on the ground that the property sought to be sold was a homestead, but it was also an equity suit for an accounting and to adjust and determine all the rights of the parties interested in the notes to secure the payment of which the deed of trust was given, wherein it was claimed by plaintiffs that the notes had been nearly if not wholly all paid; and as a further ground for the injunction, over which the trial court had full and complete jurisdiction, and for that purpose, appellants sought by their petition to bring into court all parties interested in said notes, although plaintiffs failed to have such parties cited to appear and answer, though disclosed in the answer of the trustee, Andrews, filed soon after the institution of the suit, and long before said notes could have been barred by limitations.

DENMAN, ASSOCIATE JUSTICE.—William Davis, in July, 1886, procured the issuance and service of an injunction restraining H. B. Andrews, trustee in a deed of trust executed by Davis to secure certain notes in favor of T. W. Pierce, from selling under said trust deed, the advertisement having been made, certain property claimed to be the homestead of Davis and his minor children.

In September, 1886, said trustee answered by exceptions, and disclaimer of any interest in the suit further than related to the execution of the trust imposed upon him by said trust deed, and that the executors of Pierce were the sole beneficiaries, and prayed that they be made parties, and that no further proceedings be had in the cause until they were made parties.

No further proceedings were had until April 11, 1893, when the executors of Pierce appeared, and by leave of court filed what they styled their "original answer," in which they sought judgment against Davis on the notes secured by said trust deed, and a foreclosure of the lien secured thereby on said property.

On the 12th day of February, 1894, Davis, by supplemental petitions, pleaded the statute of limitation of four years in bar of the demand of said executors.

The trial court rendered judgment dissolving the injunction, and in favor of the executors of said Pierce against Davis for the balance due on the principal and interest of said notes, with a foreclosure of the lien secured by said trust deed on said property, ordering sale of said property and application of the proceeds to payment of said judgment, and ordering execution over against Davis for balance.

This judgment having been affirmed by the Court of Civil Appeals, Davis has brought the case to this court, assigning as error that the trial court and the Court of Civil Appeals erred in not sustaining his plea of limitations. In order to overrule this assignment, we must hold that Davis was, by reason of having sued out the injunction in July, 1886, restraining the trustee from selling, precluded from pleading the statute of limitations during the time elapsing between July, 1886, and the filing of said answer by the executors, on April 11, 1893, asking judgment on said notes and foreclosure of the lien.

Can we so hold? The statute provides, "that actions for debt, where the indebtedness is evidenced by or founded upon any contract in writing, shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward."

It will be observed, that this statute is positive, and contains no exception as to the period of time during which injunction proceedings may be pending, such as is contained in the statutes of some other States. A court of law will not recognize such period as an exception to the plain letter of the statute. Barker v. Millard, 16 Wend., 572; Berrien v. Wright, 26 Barb., 209; Sugg v. Thrasher, 30 Miss., 141.

It seems to be a well established rule in equity, however, that where a defendant has procured the issuance of an injunction restraining the prosecution or the bringing of a suit on a claim, he will not, after the dissolution of the injunction, be permitted to avail himself, on the plea of limitation of the period of time during which the injunction was in force, *provided the plaintiff has not been guilty of laches.* 2 Cases in Chan., 217; Lamb v. Ryan, 40 N. J. Eq., 67; Kelly v. Donlin, 70 Ill., 381; Treasurer Brown Co. v. Martin (Ohio), 33 N. E. Rep., 1113; Sugg v. Thrasher, 30 Miss., 141.

The usual course in such·cases is, for the plaintiff in the action at law to apply to a court of equity for an injunction restraining defendant in such action from pleading the statute of limitations *during the period such defendant has previously caused such plaintiff to be restrained from bringing or prosecuting his action at law.* Lamb v. Ryan, 40 N. J. Eq., 67; Sugg v. Thrasher, 30 Miss., 141; Barker v. Millard, 16 Wend., 572.

The defendant will not be restrained, however, from relying upon the statute during such period, if the plaintiff has been guilty of laches in filing suit on his claim after the dissolution of the injunction. Doughty v. Doughty, 2 Stock. Chan. Rep. (N. J.), p. 351; Sugg v. Thrasher, 30 Miss., 141; Chilton v. Scruggs, 5 Lea, 309.

While, as above stated, the usual course is to sue at law and apply to a court of equity to restrain the defendant from relying upon limitation during such period, there are cases where a court of equity will take original jurisdiction and grant complete relief, upon the ground that defendant has, by unconscientious litigation in equity, caused plaintiff to be debarred of his right to proceed at law. Davis & Weathersby v. Hoopes & Bogart, 33 Miss., 173; Bond v. Hopkins, 1 Sch. & Lef., 413.

No matter in what form the aid of the court of equity is invoked in such cases, the relief is granted not upon the ground that equity can disregard or create exceptions to the statute of limitation, but upon the ground that the party sought to be enjoined has, by an abuse of the process of the court, obtained an unconscionable advantage which he ought not to be permitted to enjoy.

An examination of the above cases will disclose the fact, that the relief granted was confined to cases where (1) the original proceeding in equity had prevented plaintiff from bringing or prosecuting the *very claim* to which defendant seeks to interpose the defense of limitation, and (2) plaintiff was not guilty of laches in proceeding to enforce his rights.

The doctrine is based upon the principle declared in 2 Cases in Chancery, above cited, that "the act of the court shall do no prejudice," and is confined to relief against such acts.

We have been cited to no case, nor have we been able to find one, where equity has interposed, directly or indirectly, to prevent a defendant's pleading limitation in an action at law or suit in equity to recover of him a personal judgment, on the ground that he had wrongfully caused the issuance of an injunction restraining plaintiff or his trustee from doing some act in pais, such as selling under a trust deed, whereby he might have collected his claim or a portion thereof before it was barred.

The granting of such relief would be going beyond the principle upon which equitable interference with defendant's statutory rights is justified. It would be doing more than seeing that defendant obtain no unconscionable advantage through an improper use of the process, or seeing that the "act of the court shall do no prejudice;" for neither the *process* nor the *act* of the court in enjoining the sale by the trustee could have prevented plaintiff's proceeding to obtain judgment on his claim at law or equity, as the nature of the case might have demanded. "The assumption of such power would be setting the Court of Chancery above the Legislature, and cause the creation of exceptions, at the discretion of the court, which the statute has not made," to use the forcible language of Green, J., in Walker v. Smith, 8 Yerger, 238.

In Yale v. Randle, 23 Louisiana Annual, 579, it was held, that a suit to revive a judgment instituted more than ten years after its rendition was barred, notwithstanding the *execution* of the judgment was restrained by injunction sued out by the defendants, the court holding that prescription was not suspended during the pendency of the injunction proceedings.

In State Bank v. Byrd, 14 Arkansas, 496, it was held, that the pendency of injunction proceedings restraining the sale of land under a mortgage authorizing sale by the sheriff to pay notes secured by such mortgage, was no answer to the plea of limitations in a suit on the notes against the maker. In this case, the injunction was sued out

by a third party, whose connection with the notes and mortgage is not shown, further than that he appears to have been a claimant of the land.

The Louisiana and Arkansas courts, in the cases above cited, which are very meagerly reported, seem to have proceeded upon the idea that the injunctions did not undertake to restrain suits on the judgment or notes.

We have discussed the principles and procedure applicable to cases of this character in jurisdictions where legal and equitable rights are determined in separate tribunals, for the reason that the exact ground of equitable intervention is thereby made more apparent.

The fact that our courts determine both legal and equitable rights in the same cause does not in the least affect the nature of the rights themselves, and does not authorize the suspension of the statutes of limitations except upon well defined equitable grounds, which, from their long recognition by the courts, are supposed to have been in the contemplation of the Legislature when such statutes were enacted.

Let us apply the principles above discussed to the case disclosed by the record before us.

The notes were due, and the trustee had advertised the property for sale under the trust deed, when Davis caused the injunction to issue restraining such sale, in July, 1886. The trustee, who had no right or power under the trust deed except to sell upon request of Pierce after maturity of the notes, answered, in September, 1886, setting up such facts, and asking that the executors be made parties, and that no further proceedings be had until that was done. It is not claimed that the executors were parties at this stage of the proceedings, nor that they were in any way prevented from suing upon the notes. The very petition upon which plaintiff procured the issuance of the injunction invited such a suit, by asking that the trustee be required to disclose who were the owners of the notes, so that they might be made parties, in order to determine what credits plaintiff was entitled to have entered upon them.

Davis and the trustee both appear to have been satisfied with this status of the case, for neither took any other step until the executors voluntarily appeared and made themselves parties, on April 11, 1893, long after the expiration of four years from the accrual of the cause of action on the notes, whereupon Davis, in February, 1894, pleaded limitation.

Under the principles above discussed, it is clear that the executors have no equitable ground upon which the operation of the statute can be suspended, for the injunction did not prevent them from suing. The difficulty which they seek to have a court of equity remove was not brought about by "the act of the court," the process of injunction, but by their own laches in failing to file suit on their notes, which they might have done at any time by answer in this cause, as they did, or by independent suit.

In the case of Chilton v. Scruggs, 5 Lea, 309, above cited, the Supreme Court of Tennessee, in a well considered opinion, held, that where a party in good faith believed he had been enjoined from proceeding to collect a claim by suit, when in fact he had not, he had no ground upon which a court of equity could suspend, in his favor, the running of the statute, for the defendant was not instrumental in bringing about the mistake.

Then, is it not clear, upon principle, that there is no ground in this case upon which relief can be granted?

We are, however, cited to High on Injunctions, second edition, volume 2, section 1133, which reads as follows: "The granting of an injunction to restrain a sale of real property under a deed of trust securing the payment of promissory notes has the effect of suspending the statutes of limitations upon the notes themselves." In support of this proposition, the author cites only one case—Williams v. Pouns, 48 Texas, 141.

Since the construction given by the learned author to this case is in direct conflict with our views above expressed, it becomes necessary for us to examine and determine the true doctrine announced therein.

In that case, Pouns sued Williams and wife in trespass to try title for 480 acres of land, and gave in evidence as his title (1) a trust deed, dated December 23, 1870, executed by Williams and wife, conveying said land, upon which was the homestead of Williams and wife, to a trustee, to secure notes due February 1, 1872; (2) that the trustee who had advertised the land for sale under the trust deed, was, on July 28, 1875, restrained from selling by writ of injunction issued at the instance of Williams and wife, which injunction was dissolved by the District Court in April, 1876; and (3) that on July 6, 1876, the trustee sold the land to Pouns.

On the trial, defendants, in order to invalidate the sale by the trustee, offered to show, that when the District Court dissolved the injunction they duly appealed the case to the Supreme Court, whereby they claimed the injunction was still in force when the trust sale was made.

The trial court excluded this evidence, upon the ground that such appeal would not keep the injunction in force.

This court, on appeal, treating this as "the vital question to be decided," held, that the evidence should have been admitted; or, as expressed in the opinion, that the appeal kept the injunction in force.

If the evidence had been admitted by the court below, this court would doubtless have disposed of plaintiff's title by holding the sale made at plaintiff's instance, in violation of the injunction, void; but since the court could not know what proof would be made on the appeal on another trial, it proceeded to pass upon the other questions raised, one of which was, supposing on another trial it should be shown that the sale was not made in violation of the injunction, whether such sale was void on the ground that the notes were apparently barred at the time of sale.

On this question, the learned judge who delivered the opinion of the court, after stating that it was well settled that where a party is enjoined from *bringing suit* on a note, such injunction suspends the statutes pending the injunction, proceeded to discuss the point at issue, and said: "We think the like rule should apply when it is not the bringing of a suit upon the note which is enjoined, but the enforcement of the contract given to secure its payment, and which, though valid and binding, could not, aside from the injunction, be enforced by suit, because it embraced the homestead of appellant."

In order to properly understand this well guarded language, it is well to recall, (1) that when this opinion was delivered it was supposed to be the law in this State that when a note was barred the power of the trustee to sell was at an end, the case of Goldfrank, Frank & Co. v. Young, 64 Texas, 433, not having been decided; and (2) the deed of trust having been executed in 1872, under the well settled law it could not have been enforced as to the entire 480 acres by a decree of court, which would have been a forced sale of a homestead as to about half of the land, but could have been enforced as to the entire 480 acres under sale by the trustee.

With this explanation it is clear, that by the issuance of the injunction restraining the trustee from selling, the owner of the notes was, by the act of the court, deprived of the *sole* remedy by which his valid lien could be enforced upon the whole property. Again, that being a suit of trespass to try title, there was no issue as to whether judgment could have been rendered on the notes, for they were not in controversy.

The sole question before the court, and evidently the only one considered, was whether, when the grantors in a trust deed on land, part of which was their homestead, have wrongfully caused the issuance of an injunction suspending the power of sale of the trustee, and thereby depriving the owner of the notes of the sole method of enforcing his lien, such grantors will be allowed by a court of equity to dispute the validity of the sale, upon the ground that the notes were barred when the sale was made.

To allow them to question the title on such ground, would not be seeing that "the act of the court shall do no prejudice."

Under the principles above discussed, we think it clear that a court of equity would have enjoined Williams and wife from claiming, in said suit of trespass to try title, that limitation affected the power of sale conferred upon the trustee by the trust deed, and that such is the sole effect of the decision.

If, however, Pouns had brought suit on his notes after they had been due more than four years, we see no ground upon which equity could have prevented Williams from pleading limitation pending the injunction, for the plain reason that neither Williams nor the act of the court had thrown any obstacle in the way of his suing upon his notes,

and even asking a foreclosure of his lien in so far as the law permitted a foreclosure.

We are therefore of the opinion, that there is nothing in the opinion in said case which can be construed as supporting the doctrine announced by Mr. High, or as being in conflict with the views herein expressed.

For the reasons above expressed, the judgments of the Court of Civil Appeals and the trial court will be set aside, and judgment here rendered dissolving the injunction and decreeing that the executors recover of Davis no personal judgment or foreclosure of lien, without adjudicating the existence of the debt or validity of the lien, leaving them free to enforce whatever rights they may have under the trust deed.

*Reversed and rendered.*

Delivered March 25, 1895.

### ON REHEARING.

DENMAN, ASSOCIATE JUSTICE.—The first proposition urged by defendants in error in support of their motion for a rehearing is, that the granting of the injunction to restrain the sale under the trust deed had the effect of suspending the statute of limitations on the notes themselves.

We are of opinion that our decision of this question, adversely to defendants in error, is in accordance with reason and authority.

The second proposition urged is, that the fact that plaintiffs in error sought to have the payments claimed by them credited on the notes before sale, thereby seeking an accounting from defendant in error, authorized the court below to render judgment on the notes against them for whatever balance might be found unpaid, and for foreclosure of the lien therefor, without any pleading by the executors asking such relief, and that therefore limitation ceased to run against the notes in the hands of the executors upon the filing of such petition.

In order to sustain this contention it must be held, that the filing of the petition for injunction was the "commencement" of an "action" or "suit" on the notes, within the meaning of the statute of limitations.

In support of their contention, defendants in error cite authorities to the effect, that in bills in equity for an account, if a balance is ultimately found in favor of the defendant, when the case is before the court upon its merits, he is entitled to a decree for such balance on his answer, without having filed a cross-bill. These authorities discuss the respective functions of an answer and a cross-bill in chancery proceedings, and would be in point were we called upon to determine whether, under the rules governing such proceedings, the executors of Pierce, in order to obtain the relief sought, would be compelled to resort to an answer or cross-bill; but they have no application to the question of limitation presented by the facts of this case.

Plaintiffs in error, in their petition, sought to enjoin the trustee from selling, on two grounds; (1) that the property was their homestead, and therefore not subject to the lien of the trust deed; and (2) if that was not true, then Davis claimed that he had made numerous payments on the notes, which if credited thereon would greatly reduce if not discharge same, and asked that an accounting be had and he be allowed his credits on the notes, so as to ascertain the true balance thereon before sale under the trust deed.

Such questions were within themselves proper subjects for judicial determination in a suit begun at any time while the power of the trustee to sell existed, without reference to the question whether the notes were barred at the time of the institution of such suit.

Plaintiffs in error had the right to present only these questions for decision, and if the executors had answered only by general denial, or after due service had failed to answer, a decree determining such questions would have disposed of all the issues presented by the pleadings. If such decree had found that the homestead was not subject to the trust deed, or that the notes had been discharged, the injunction would have been perpetuated; but if it had found the homestead subject to the trust deed, and that there was a balance due on the notes, the trustee would have been left at liberty to sell under the trust deed for such balance.

The executors had the right to elect whether they would pursue that course or bring into the case a new issue by asking a personal judgment against Davis and a foreclosure of the lien and sale of the property by the sheriff under an order of court; but until they did so, the pleadings would not justify the rendition of a personal judgment and foreclosure of the lien in their favor.

If the trustee had not attempted to sell until after the notes were barred, and the plaintiffs in error had then filed the petition filed herein, the right of election above indicated would have been all important; for if they had elected to seek a personal judgment on the notes and foreclosure through the process of the court and been defeated by the plea of limitation, it might have imperiled their right to have a sale under the trust deed.

Again, the executors were in no sense parties to the record, and the court acquired no jurisdiction over them until they appeared and made themselves parties by filing what they termed their "original answer," long after the notes were barred. It can not with any show of reason be contended, that prior to the filing of this answer the court could have rendered any judgment against Davis on the notes or for foreclosure of the lien, for there was no party to the record entitled to such a decree.

The statute provides, that "there shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court for debt where the indebtedness is evidenced by or founded upon any contract in writing."

From what has been said above, we think it is clear that neither the condition of the pleadings nor the parties to the record were such that it can be said that any "action or suit" was "commenced and prosecuted" for the debt evidenced by these notes until the executors filed their "original answer," more than four years after the cause of action accrued thereon.

The motion for a rehearing will be overruled.

*Motion overruled.*

Delivered October 28, 1895.