## BAIN v. SMITH.
### No. 9739.

Court of Civil Appeals of Texas. San Antonio.

March 11, 1936.

Rehearing Granted June 10, 1936.

Rehearing Overruled Oct. 21, 1936.

Wiseman & Murray, of Floresville, for appellant.

R. R. Smith, of Jourdanton, for appellee.

SMITH, Chief Justice.

The thirty-acre tract of land involved in this trespass to try title suit was formerly owned by N. B. Ware, conceded to be the common source of title. Ware sold to R. M. Ware, who in turn conveyed it to J. H. Bain, appellant herein.

On January 8, 1924, Mrs. M. M. Smith, appellee herein, obtained a money judgment against N. B. Ware in the county court of Wilson county, and on the following day abstract of the judgment was filed and entered in the appropriate record of that county. In June, following, execution and order of sale were issued in pursuance of the judgment, and the sheriff levied upon and advertised the property for sale thereunder on August 5th. But before the sale could be made by virtue of the execution, N. B. Ware, the judgment debtor and owner of the property, procured a temporary injunction in the district court, restraining the sheriff from proceeding with the sale. At the ensuing term the temporary injunction was ordered continued in force "until further order" of the court. The proceeding remained in that status until May 17, 1930, when, upon motion of Mrs. Smith, the creditor, the in-

junction was dissolved, and the sheriff was directed by the court to procure an alias execution in the county court case, and proceed with the sale. For reasons not necessary to set out here, the sale was delayed, but when it was again advertised by the sheriff, some time in 1933, that officer was again enjoined, in the district court, from making the sale, that injunction having been issued at the instance of the then owner, appellant Bain. The injunction was dissolved in November, 1933, and the sheriff, no longer under legal restraint, executed the alias process, by selling the land as provided by law. Mrs. Smith, the judgment creditor, bid in the property, and the land was duly conveyed to her by sheriff's deed, in January, 1934. In the meantime, in August, 1927, appellant Bain had purchased the property from R. M. Ware, grantee of the judgment debtor, N. B. Ware. Bain went into possession in December, 1927, under deed duly recorded, from the said N. B. Ware.

After Mrs. Smith obtained title by conveyance from the sheriff, Bain instituted this action in trespass to try title against her, to recover the land, and remove cloud, asserting title under the five-year statute of limitations. Besides the conventional defenses, Mrs. Smith prayed that she be quieted in her title. The trial court, without the intervention of a jury, rendered judgment for Mrs. Smith, as prayed for, and Bain appealed.

The trial court found the facts somewhat in detail, including a finding, or conclusion, that Bain had fulfilled the requirements exacted of one asserting title under the five-year statute of limitations, but denied him judgment thereon upon the conclusion of law that the "running of the statute of limitations in favor of" appellant "was suspended during the pendency of the (original) injunction proceedings," from July, 1924, until August, 1930, "and that" appellant "acquired no rights in said land by reason of any statute of limitations."

Appellant grounds his appeal upon the contention, in effect, that a temporary injunction will not be given the effect of suspending the operation of a statute of limitation available to one not a party to the injunction, such as appellant, especially when the party enjoined, such as appellee, delayed so long in seeking to dissolve the injunction.

Appellee contends, for the first time in her brief in this court, that the evidence does not support the trial court's finding that appellant proved all the elements of title by the five-year statute of limitations. The trial court specifically found the facts to support such title, and appellee did not question those findings, or the judgment based thereon, by objection, exception, motion, or otherwise, in the trial court, but seeks to raise the question in this court, for the first time, by cross-assignment in her brief. The cross-assignment, raised at this time, in that way only, cannot be considered in this court, in the face of appellant's objection thereto, the error complained of not being fundamental. 3 Tex.Jur. pp. 873, 875, §§ 609, 611; Henderson v. Odessa Building & Finance Co. (Tex.Com.App.) 27 S.W. (2d) 144; Hardwicke v. Ins. Co. (Tex. Civ.App.) 89 S.W.(2d) 500; Miller v. Fenner, Beane & Ungerleider (Tex.Civ.App.) 89 S.W.(2d) 506; Whitis v. Penry (Tex. Civ.App.) 41 S.W.(2d) 736; Austin v. Bain (Tex.Civ.App.) 283 S.W. 638; Buster v. Warren, 35 Tex.Civ.App. 644, 80 S.W. 1063; Meisner v. Taylor, 56 Tex.Civ.App. 187, 120 S.W. 1014.

In his second proposition appellant contends that the operation of the statute of limitations was not suspended by the injunction against the sale under foreclosure of appellee's lien, and after levy under execution, because, it is contended, appellee was guilty of laches in not earlier moving to dissolve the injunction. The question of laches, being one of fact, was resolved against appellant by the trial judge, whose implied finding thereon is binding upon this court, in the state of facts presented in the record.

Appellant contends in his first proposition that the temporary injunction did not prevent the statute of limitation from running in his favor, for the reason that he was not a party to the injunction proceeding, and had no part in procuring the writ. The record does show that appellant was not a party to that proceeding. It further shows that whatever title he took by deed was that title owned by N. B. Ware, the judgment creditor, who did procure the issuance of the injunction restraining the sheriff from selling the land, after levy thereon, and restraining appellee from "causing the land to be sold in satisfaction of said judgment" against said Ware.

The defense in this case was predicated, and the case was tried below, upon the five-year statute of limitation, based upon peaceable and adverse possession by appel-

lant. Article 5509. The statute provides no exception to its operation, and the courts have no power to create such exception. 17 R.C.L. p. 828, § 190.

It is true that in a proper case, the courts, through their equity powers, may prevent a person from pleading the statute where he has obtained an unconscionable advantage through the processes of the court, such as by injunction prohibiting his adversary from exercising rights which would in law interrupt the operation of limitation. Davis v. Andrews, 88 Tex. 524, 30 S.W. 432, 32 S.W. 513.

But this equitable rule may not be invoked against one not a party to the proceeding by which another has been prevented from asserting or enforcing rights which, in law, would have defeated limitations. In this case appellant was not a party to the proceeding in which appellee was enjoined from selling the land in satisfaction of her judgment lien. It is true that appellant was the grantee of the party procuring such injunction, and, ordinarily, would have taken title subject to defenses available against his grantor and would have been in no safer position than his grantor. But the lien asserted by appellee was not in virtue of any contract between the parties, but arose from a hostile proceeding prosecuted by her against the owner of the land, who was appellant's grantor, and was therefore hostile to appellant's title. Therefore, when the owner conveyed his title to appellee, the resulting title and possession was hostile to appellee's claim, and would therefore be extinguished by five years' peaceable possession, payment of taxes, etc., by appellant, notwithstanding the injunction, procured by appellant's grantor, and not by appellant, prohibited appellee from enforcing her lien during the period of limitation. White v. Pingenot, 49 Tex.Civ.App. 641, 90 S.W. 672 (writ. ref.).

We therefore hold that the existence of the injunction restraining sale of the land in satisfaction of appellee's judgment lien, did not operate to suspend the running of limitation in appellant's favor, and the court erred in holding to the contrary.

Appellant's motion for rehearing will be granted, the original opinion withdrawn, and the judgment reversed, but as the evidence upon the issue of limitation by possession was not full or satisfactory, the cause will be remanded for further proceedings in consonance with this opinion.

On Appellee's Motion for Rehearing.

The judgment appealed from rested solely upon the conclusion of the trial court that appellant's claim of title by limitation was defeated by pendency of the injunction restraining the sale of the land involved under execution issued by virtue of appellee's judgment lien. We adhere to the conclusion that the trial court erred in that holding, as well as to our judgment of reversal upon that ground. If the evidence were so full and complete and definite upon the issue of limitation as to warrant this court in rendering judgment contrary to the trial judge's finding of fact upon the issue of limitation, then this court might with propriety affirm the judgment based upon a different ground. But, as stated in the original disposition, the evidence upon the issue of limitation is not full or satisfactory, and does not warrant affirmance in direct conflict with an adverse finding upon that issue below.

Appellee's motion for rehearing is accordingly overruled.