## PARKS et al. v. PURNELL et al.

### No. 3740.

Court of Civil Appeals of Texas. El Paso.

Oct. 3, 1940.

Rehearing Denied Oct. 24, 1940.

J. L. Goggans, of Dallas, for plaintiffs in error.

Locke, Locke, Stroud & Randolph, Hubert Johnson, and Maurice E. Purnell, all of Dallas, for defendants in error.

PRICE, Chief Justice.

This is an appeal by writ of error from one of the district courts exercising jurisdiction in Dallas County. It was an action in trespass to try title where the defendants in error, Mrs. Ginevra Purnell and her husband, as plaintiffs, recovered the title and possession of certain property situated in the City of Dallas from Mrs. Laura Parks and the devisees of her deceased husband, O. F. Parks. The appeal was dismissed by this Court for failure to file the transcript in time. See Parks v. Purnell, Tex.Civ. App., 120 S.W.2d 895. A writ of error was granted by the Supreme Court and the judgment of dismissal was reversed by the Supreme Court. Parks v. Purnell, 141 S. W.2d 585.

The statement of the general result of the case made by plaintiffs in error is admirable in its clarity and brevity, and same is literally adopted:

Mrs. Ginevra L. Purnell, joined by her husband, instituted two suits in the District Court of Dallas County, Texas, in the nature of trespass to try title, each of which involved title to a separate tract of land located in Dallas County, Texas. The defendants named were Laura Parks, the children of Laura Parks and her husband, O. F. Parks, and H. W. Sanderson. H. W. Sanderson disclaimed any interest in the properties.

Both suits involving identical issues, the causes were consolidated and tried together before the court without a jury. The plaintiffs recovered title to both tracts. The facts are undisputed.

The pleadings of the plaintiffs in each of the consolidated cases consisted of a general count in trespass to try title. Defendants answered in each case by a general demurrer, plea of not guilty and specially pleaded that at the time of the purported sales of the properties by the trustee under the deeds of trust under which plaintiffs claim title to the properties the debts were barred by the four-year statute of limitations.

The plaintiffs, by supplemental pleadings, alleged facts in avoidance of the statute of limitations. From a judgment awarding plaintiffs title to the two tracts in controversy, these defendants perfected their writ of error.

Plaintiffs and defendants each claimed under O. F. Parks, deceased. Defendant Laura Parks is the surviving widow of O. F. Parks, and the other defendants the surviving children of defendant Mrs. Laura Parks and her deceased husband, O. F. Parks, and all are devisees of said Parks.

For convenience the parties here will be referred to according to the designation each bore in the trial court.

The two tracts of land involved were the community property of defendant Mrs. Laura Parks and deceased O. F. Parks. The will of O. F. Parks named defendant, Mrs. Laura Parks, independent executrix and trustee. Upon the probate of the will she qualified and acted as executrix and trustee.. The deeds of trust, under the foreclosure of which plaintiffs claim, were executed by Mrs. Laura Parks, individually and as executrix and trustee. There is no irregularity charged in the manner of the foreclosure of the deeds of trust by the trustees named in such deeds of trust, except as next noted. This exception is that it is charged that at the time the sales were consummated the notes were barred by limitation.

 Save as to the one-half community interest of Mrs. Parks, the power, or lack of power, to encumber the property depends on the terms of the will of her husband. During the pendency of this appeal this issue, in respect to this identical will, has been decided by the Dallas Court of Civil Appeals. Neilson v. Schoellkopf, 122 S.W.2d 281. The Supreme Court had denied a writ of error in that case. The case sets forth all the pertinent provisions of the will of O. F. Parks, deceased, and reference is here made to that case for the terms of the will. It was there held that Mrs. Parks had the power, as trustee and independent executrix, to mortgage the estate.

We deem it unnecessary to write further on the matter. It might be remarked that this identical will was construed by the Supreme Court of Oklahoma in the respect in question as it is construed in the case of Neilson v. Schoellkopf, supra. See Parks, et al v. Producers Nat. Bank of Tulsa, 176 Okl. 67, 54 P.2d 398.

 The question of limitation remains. It is contended that the notes secured by the deed of trust became due October 4, 1930. The sale took place June 4, 1935. It is asserted that by virtue of Article 5520, R.S., as amended in 1931, Vernon's Ann. Civ.St. art. 5520, the right of the trustee to make the sale was barred. In making this contention defendants concede that from July 7, 1931, to May 10, 1935, they had procured and had in force a temporary injunction enjoining plaintiffs from making sale under the deed of trust. On May 10, 1935, plaintiffs in error took a voluntary nonsuit, and on May 11, 1935, plaintiffs caused the trustee to post notices under the deeds of trust, and the sales were made thereunder on June 4, 1935.

According to the contentions of plaintiffs, the notes, by virtue of an extension agreement, fell due June 1, 1931. It is conceded that, on October 4, 1930, in accordance with the extension agreement, plaintiffs elected to declare the notes due, and took steps to foreclose by sale. However, before sale, defendants having made good the default, the right to declare the notes due was waived and the foreclosure abandoned.

Under contention of defendants, on May 11, 1935, when the proceedings were initiated for the foreclosure of the deed of trust, the notes were prima facie barred. Under that of appellees, at the time of the initiation of foreclosure proceedings the notes were not barred by limitation.

The sale in final consummation of the foreclosure as relied upon took place June 4, 1935, at which time a few days more than four years had elapsed from the date of their maturity.

Let us assume, for the purpose of this discussion, that the maturity date of the notes was October 4, 1930. The question then arises as to the effect of the injunction subsisting from July 7, 1931, to May 10, 1935. It is clear that during that period the right to extrajudicial foreclosure was unavailable. Defendants take the position that their injunction did not prevent the resort to a judicial foreclosure. This being the case, the notes being barred at the time of the sale, same was void. Davis v. Andrews, 88 Tex. 524, 30 S.W. 432, 32 S.W. 513, is relied upon in support of this position. In that case an injunction was granted against the trustee named in the deed of trust foreclosing the lien by sale. He was the sole original defendant in the case. It does not appear that he had been even requested by the beneficiaries to proceed with the sale. In his answer he set up his position as trustee, named the beneficiaries of the trust, and suggested that they were necessary parties. More than four years after the maturity of the notes the beneficiaries appeared and sought judicial foreclosure. By supplemental petition the four-years statute of limitations was urged. It was held the notes were barred and a judicial foreclosure denied. After

this judgment the executors of the beneficiaries instituted a proceeding in the proper court for the appointment of a substitute trustee to foreclose the deed of trust. The deed of trust, it seems, gave this power only to the beneficiaries. The trial court, by its action on special exception, denied the relief sought, and its action was affirmed by the Court of Civil Appeals. Converse v. Davis, 37 S.W. 247. In substance, the Court of Civil Appeals held where a trustee has been enjoined from selling mortgaged property under a trust deed and the beneficiaries of the trust choose voluntarily to appear in the suit and ask for judgment for their debt and foreclosure of the lien, and on a plea of limitation judgment is rendered against them, such judgment precludes them from any further relief in connection with their debts in the courts of the State. Writ of error was granted by the Supreme Court. Converse v. Davis, 90 Tex. 462, 39 S.W. 277. Opinion in the case was written by Judge Denman, the same Judge writing the opinion in the case of Davis v. Andrews, supra. It was held that under the facts existing, the judgment in the case of Davis v. Andrews, supra, did not preclude the relief sought. The case of Williams v. Pouns, 48 Tex. 141, is cited in support of the holding, as was the case of Davis v. Andrews, supra.

It might be noted, in considering Converse v. Davis, that at that time a power of sale might be exercised, even though the debt be barred.

The case of Pioneer Building & Loan Ass'n v. Johnston, Tex.Civ.App., 117 S.W. 2d 556, writ dismissed, is deemed to foreclose the matter. It was there held, in substance, that where mortgagee was enjoined from selling mortgaged property under trust deeds continuously from the time the right accrued until four years thereafter, but not from suing to recover on debt and to foreclose lien through court, such debt and right so to judicially foreclose were barred by the four-year statute. But that where the right to foreclose by the power of sale had been so enjoined, that the right to foreclose under the deed of trust was not barred by Article 5520, Vernon's Annotated Civil Statutes.

The matter is carefully and ably discussed in the opinion and the authorities bearing on the proposition are carefully and thoroughly discussed. No further discussion is deemed necessary.

There is another interesting question that might arise under the facts of this case.

In our opinion the record sustains the contention of plaintiffs that in truth and in fact the notes matured on, June 1, 1931. The foreclosure relied upon was initiated May 11, 1935. Sale was made in consummation of the foreclosure on June 4, 1935. Thus it will be seen that the initiation of the foreclosure was before the notes were barred by limitation, the sale taking place after same were barred by limitation. It might be that the initiation of the sale would be sufficient to prevent the bar provided for by Article 5520. However, it is unnecessary to decide this question, and no opinion is expressed thereon.

There being no error in the case, it is ordered that same be affirmed.