# NO. 12-14-00261-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEN LANDERS AND CLARLINDA LANDERS, APPELLANTS* | *§* | *APPEAL FROM THE 392ND* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *NATIONSTAR MORTGAGE, LLC, APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

In one issue, Ken and Clarlinda Landers appeal the trial court's judgment granting Nationstar Mortgage, LLC's summary judgment motion and denying the Landerses' summary judgment motion. We reverse the trial court's judgment, render in part, and remand in part.

## BACKGROUND

The Landerses purchased a house with the proceeds of a loan they obtained from Nationstar's predecessor in interest in 2006. They stopped making their monthly payments in September 2009, and the lender accelerated the maturity of the debt on November 9, 2009. The Landerses then filed suit against the lender asserting fraud and estoppel claims.

After filing suit, the Landerses obtained an ex parte temporary restraining order enjoining the lender from "conducting a foreclosure sale or otherwise dispossessing [the Landerses] of their interest in the aforementioned Property." The temporary restraining order expired by its own terms ten days later.

On August 7, 2013, the trial court signed the following agreed temporary injunction order:

ON THIS DAY, the Court was presented with this Agreed Temporary Injunction Order (Order). Upon due consideration and pursuant to the parties' agreement, the Court is of the opinion that the following Order should be entered.

The parties agree not to use this agreed Order to support their claims or defenses, and this Order will not be interpreted as any type of admission by either party hereto.

IT IS ORDERED that beginning on August 7, 2013, and so long as this case remains pending, defendant Aurora Commercial Corp., successor by merger to Aurora Bank, FSB and owner of Aurora Loan Services, LLC (Aurora), its agents, representatives, employees, privies, assignees, successors, affiliates, parents, subsidiaries, and attorneys, and all persons acting in concert with any of the foregoing are enjoined and restrained from conducting a foreclosure sale of the property located at 2379 Rose Pointe Lane, Athens, Texas 75752 (the "Property").

Upon dismissal, final judgment, or other resolution causing the Court to close this case, this Order shall have no further force and effect.

On September 12, 2013, the trial court granted summary judgment in the fraud suit in favor of the lender and the agreed temporary injunction expired by its own terms. The Sixth Court of Appeals affirmed the summary judgment. *See generally **Landers v. Aurora Loan Servs., Inc**., 434 S.W.3d 291 (Tex. App.–Texarkana 2014, no pet.).

On December 23, 2013, Nationstar filed this suit to judicially foreclose its lien on the property under the deed of trust, or, in the alternative, to rescind the contract under the vendor's lien in the warranty deed. Nationstar then filed a motion for traditional summary judgment on the judicial foreclosure claim. The Landerses responded, and also urged in a motion for traditional summary judgment, that Nationstar's judicial foreclosure claim was barred by limitations.

Nationstar asserted that its suit was timely because limitations was tolled by the temporary restraining order and the temporary injunction. The trial court granted Nationstar's summary judgment motion and denied the Landerses'. This appeal followed.

## STATUTE OF LIMITATIONS

In their sole issue, the Landerses contend the trial court should have granted their summary judgment motion and denied Nationstar's because the limitations period expired before Nationstar filed its suit for judicial foreclosure. In the first of four subissues, they argue that any tolling by the temporary restraining order and the temporary injunction applied to the limitations

2

period for nonjudicial foreclosure only and not to the one for judicial foreclosure.[1]  We agree. Therefore, we do not address the Landerses' remaining subissues.

## Standard of Review

We review a trial court's summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We review the evidence presented in the motion and response in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.  *Mann Frankfort Stein & Lipp v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  A traditional motion for summary judgment is granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  *Id*.

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered.  *Mid-Continent Cas. v. Global Enercom, Mgmt*., 323 S.W.3d 151, 153-54 (Tex. 2010).  A defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively that defense's elements.  *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

## Applicable Law

A statute of limitations does not give any right of action, but restricts the period within which a party can assert a right.  *Hunt Steed v. Steed*, 908 S.W.2d 581, 583 (Tex. App.–Fort Worth 1995, writ denied).  The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds.  *Cooper v. D & D G.C. of Gilmer, Inc.*, 187 S.W.3d 717, 720 (Tex. App.–Tyler 2006, no pet.).

Generally, if a note payable in installments is secured by a lien on real property, limitations for enforcement of the lien does not begin to run until the maturity date of the last installment.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(e) (West 2002).  But if a note or deed of trust secured by real property contains an optional acceleration clause, the cause of

---

[1] The Landerses made this argument in their response to Nationstar's summary judgment motion as well as in their own summary judgment motion.

action for enforcement accrues when the holder exercises its option to accelerate. ***Holy Cross Church of God in Christ v. Wolf***, 44 S.W.3d 562, 566 (Tex. 2001) (nonjudicial foreclosure); ***Nat'l City Bank of Ind. v. Ortiz***, 401 S.W.3d 867, 885-86 (Tex. App.–Houston [14th Dist.] 2013, pet. denied) (judicial foreclosure).

A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a) (West 2002). Similarly, a sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues. *Id*. § 16.035(b) (West 2002); ***Holy Cross***, 44 S.W.3d at 566.

When the four year limitations period expires, the real property lien and the power of sale to enforce the lien become void. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(d); ***Holy Cross***, 44 S.W.3d at 567. The running of limitations is tolled by statute in the event of the obligor's death or a written, recorded agreement extending the maturity date of the debt or obligation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(c) (West 2002).

## Effect of the Injunctions

In this case, the Landerses point out that neither the ex parte temporary restraining order nor the agreed temporary injunction prohibited Nationstar from filing suit for judicial foreclosure. Therefore, they contend that limitations was not tolled as to that cause of action and Nationstar's suit was barred because it was not filed on or before November 9, 2013. Nationstar counters that because the ex parte temporary restraining order and agreed temporary injunction prohibited foreclosure, the limitations period was tolled for a total of forty-six days. Thus, according to Nationstar, its December 23, 2013 suit for judicial foreclosure was timely filed.

Neither of the statutory tolling events has occurred here. *See **id***. But Nationstar refers us to the general equitable rule that "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time in which he is thus prevented should not be counted against him in determining whether limitations have barred his right." ***Hughes v. Mahaney & Higgins***, 821 S.W.2d 154, 157 (Tex. 1991); ***Pioneer Bldg. & Loan Ass'n v. Johnston***, 117 S.W.2d 556, 559 (Tex. Civ. App.–Waco 1938, writ dism'd). Under this rule, the court of appeals in ***Pioneer*** held that the statute of limitations for nonjudicial foreclosure was tolled during the time the lender was restrained by the trial court's injunction from exercising the

power of sale in the deeds of trust. 117 S.W.2d at 559-60. The court observed, however, that the injunction restraining sale under the deeds of trust did not prevent a suit to recover on the debt and to foreclose the liens through the court. *Id.* at 559. Yet, the lender did not file a claim in the pending suit or file an independent suit to recover on its debt and foreclose through the court. *Id.* Consequently, the limitations period for its debt and judicial foreclosure claims was not tolled by the injunction. *Id.* In reaching this conclusion, the court cited ***Davis v. Andrews***, 88 Tex. 524 (Tex. 1895).

In ***Davis***, after the trustee advertised the property for sale under the deed of trust, the borrower obtained an injunction against such a sale. 88 Tex. at 526. More than four years later, the lender's executors sought a judgment on the notes and foreclosure of the lien secured by the deed of trust. *Id.* The borrower pleaded the four year statute of limitations, but the trial court rendered judgment in favor of the executors. *Id.* The court of civil appeals affirmed the judgment, but the Texas Supreme Court set it aside. *Id.* at 527, 532. In its analysis, the supreme court acknowledged that in certain circumstances, equitable principles permitted the tolling of limitations during the time the prosecution of, or bringing suit on, a claim was enjoined. *See id.* at 527. But the court held that because the injunction had not prevented the executors from suing on the notes, equitable principles did not apply and there were no grounds to suspend the operation of the statute of limitations with regard to the lawsuit. *Id.* at 529. Thus, the injunction against the sale of property under the deed of trust did not toll the limitations period for suit on the notes and judicial foreclosure on the property. *See id.*

In this case, the injunctions prevented Nationstar from "conducting a foreclosure sale or otherwise dispossessing [the Landerses] of their interest" in the subject property and then from "conducting a foreclosure sale" of the subject property. Neither injunction restrained Nationstar from filing suit for judicial foreclosure of its lien. Therefore, as in ***Davis*** and ***Pioneer***, the limitations period for such a suit was not tolled, and it expired on November 9, 2013—four years after the acceleration of the debt, and prior to the filing of Nationstar's suit on December 23, 2013.

## Quasi-Estoppel

Nationstar contends that even if the limitations period expired prior to the filing of its suit, quasi-estoppel prevents the Landerses from asserting their statute of limitations defense. Quasi-estoppel precludes a party, with knowledge of the facts, from taking a position

5

inconsistent with its former position to the disadvantage or injury of another. ***Steubner Realty 19, Ltd. v. Cravens Rd. 88, Ltd***., 817 S.W.2d 160, 164 (Tex. App.–Houston [14th Dist.] 1991, no writ). Nationstar argues that the Landerses' current position that Nationstar could have filed its suit for judicial foreclosure during the periods of injunction is inconsistent with their previous position that the Landerses were entitled to injunctions against nonjudicial foreclosure. However, judicial foreclosure and nonjudicial foreclosure are distinct procedures, and injunction against one does not preclude proceeding under the other. *See **Davis***, 88 Tex. at 529; ***Pioneer***, 117 S.W.2d at 559. Therefore, the Landerses' positions are not inconsistent, and, further, did not disadvantage or injure Nationstar. Consequently, quasi-estoppel does not apply.

## CONCLUSION

We hold that the Landerses' summary judgment evidence conclusively establishes that Nationstar's judicial foreclosure suit is barred by limitations. We further hold that the trial court erred by granting Nationstar's summary judgment motion and denying the Landerses' summary judgment motion. Therefore, we sustain the Landerses' sole issue, ***reverse*** the judgment of the trial court, ***render*** summary judgment in favor of the Landerses on Nationstar's judicial foreclosure claim, and ***remand*** for further proceedings on Nationstar's rescission claim. *See* TEX. R. APP. P. 43.2(c).

                                                          JAMES T. WORTHEN
                                                          Chief Justice

Opinion delivered April 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 8, 2015

NO. 12-14-00261-CV

**KEN LANDERS AND CLARLINDA LANDERS,**
Appellant
V.
**NATIONSTAR MORTGAGE, LLC,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. 2013C-1185)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be reversed**, that summary judgment be rendered in favor of Appellants, **KEN LANDERS AND CLARLINDA LANDERS,** on Appellee **NATIONSTAR MORTGAGE, LLC's** judicial foreclosure claim, and that the cause be **remanded** for further proceedings in Nationstar's rescission claim.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*